NO. 07-03-0079-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 29, 2003

_____

JAMES WARREN BRIGHT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 16,336; HONORABLE CECIL PURYEAR, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**ON ABATEMENT AND REMAND**

In this proceeding, appellant James Warren Bright is attempting to appeal the refusal of the trial court to appoint an attorney to represent him in his application for forensic DNA testing as provided in Chapter 64 of the Code of Criminal Procedure.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

We have nothing in the record before us other than appellant's application for extension of time within which to file an appellate brief and a clerk's record. We have requested a response from the State and have received a reply stating that it is not opposed to appellant receiving a clerk's record as an indigent.

This state of the record requires us to abate the appeal and remand the proceedings to the trial court to determine:

1. Whether appellant is indigent and is entitled to the furnishing of a clerk's record showing what previous hearings took place in the trial court, as well as the appointment of an attorney as provided in Chapter 64 of the Code of Criminal Procedure.

2. If testimony was taken at the hearing giving rise to appellant's appeal, whether appellant is indigent and is entitled to the preparation of a reporter's record.

3. If other orders are necessary to ensure the diligent and prompt pursuit of appellant's appeal, and if so, to enter any such orders.

In support of its determination, the trial court shall prepare and file conclusions of law and, if appropriate, findings of fact and cause them to be included in a supplemental clerk's record. If testimony is taken, it shall be transcribed and included in a reporter's record. Those supplemental records shall be submitted to this court not later than June 30, 2003.

It is so ordered.

Per Curiam

Do not publish.